UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRIS CONYERS and
BRANDI CONYERS,

      Plaintiffs,

v.                       Case No. 8:12-cv-30-T-33EAJ

BALBOA INSURANCE COMPANY,

      Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Defendant Balboa Insurance Company's Motion for Summary Judgment (Doc. # 27), filed on November 30, 2012. Plaintiffs Chris and Brandi Conyers filed a response in opposition to the Motion (Doc. # 29) on December 7, 2012. Balboa filed a reply, with leave of Court, on December 14, 2012. (Doc. # 32). For the reasons that follow, the Motion is granted in part and denied in part.

**I.   Background**

The Conyers bring this insurance action against Balboa Insurance Company to recover for damage caused to the Conyers' property by alleged sinkhole activity. (Doc. # 17 at 2). At the time of the damage, the subject property was secured by a mortgage serviced by BAC Home Loan Servicing,

LLC.  (Mortg. Doc. # 27-1 at 1; Aff. Doc. # 27-8 at 1-2).
As part of the mortgage agreement, the Conyers agreed to
maintain hazard insurance on the subject property as
required by BAC.  (Mortg. Doc. # 27-1 at 8).  However, at
some point, the Conyers failed to maintain the required
hazard insurance, and BAC consequently purchased a lender-
placed insurance policy at the Conyers' expense.  (Coverage
Notice Doc. # 27-2 at 2).  That policy refers to BAC as the
named insured and refers to the Conyers as the "borrower."
(Id. at 5; Insuring Agreement Doc. # 27-4 at 13).  The
"Loss Payment" section of the relevant policy provides as
follows:

> 13. Loss Payment.  WE will adjust each LOSS with
> YOU and will pay YOU.  If the amount of LOSS
> exceeds YOUR insurable interest, the BORROWER may
> be entitled, as a simple loss payee only, to
> receive payment for any residual amount due for
> the LOSS, not exceeding the lesser of the
> applicable Limit of Liability indicated on the
> NOTICE OF INSURANCE and the BORROWER's insurable
> interest in the damaged or destroyed property on
> the DATE OF LOSS.  Other than the potential right
> to receive such payment, the BORROWER has no
> rights under the Residential Property Form.

(Insuring Agreement Doc. # 27-4 at 13).

Underlying this insurance dispute is a mortgage
foreclosure action.  In October of 2009, due to the
Conyers' failure to make their required mortgage payments,

BAC initiated foreclosure proceedings on the Conyers' property. (Polk Cnty. Docket Doc. # 27-3 at 1). On September 24, 2010, the Circuit Court for Polk County, Florida, entered a summary final judgment of foreclosure against the Conyers. (Foreclosure Judgment Doc. # 27-5).

Amid the foreclosure proceedings, in February of 2010, the Conyers notified Balboa of the loss they incurred as a result of the alleged sinkhole activity (Doc. # 17 at 2; Doc. # 27 at 3), and Balboa ultimately denied the Conyers' claim (Doc. # 27 at 3; Doc. # 29 at 2). The Conyers consequently initiated the instant action in October of 2011 in Polk County Circuit Court, asserting "third-party beneficiary standing to enforce the provisions of the [insurance] policy." (Doc. # 1 at 1; Doc. # 17 at 3). Balboa filed a notice of removal in this Court on January 6, 2012. (Doc. # 1).

On November 30, 2012, Balboa filed the instant Motion for Summary Judgment, arguing that (1) due to the foreclosure process, the Conyers "have been divested of all interest in the subject property" (Doc. # 27 at 6); (2) the Conyers "are not a named insured or additional insured under the Balboa policy" Id. at 10; (3) the Conyers "have no residual available to them as the borrower under the

3

subject policy" Id.; and (4) the Conyers are not entitled to attorney's fees under Section 627.428, Florida Statutes. Id.

## II.   **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N.

Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial."  Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor.  Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).  If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment.  Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).  However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations,"

summary judgment is not only proper, but required.  <u>Morris v. Ross</u>, 663 F.2d 1032, 1034 (11th Cir. 1981), <u>cert. denied</u>, 456 U.S. 1010 (1982).

## III. **Discussion**

### A.   **Plaintiffs' Remaining Interest after Foreclosure**

Section 627.405, Florida Statutes, provides the basis for standing to sue under an insurance contract, to wit:

> (1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as *at the time of the loss*.

> (2) "Insurable interest" as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.

> (3) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof.

Fla. Stat. § 627.405 (emphasis added).

In Florida, an insurable interest is not determined by the concept of title, but rather whether the insured has a substantial economic interest in the property.  <u>See Baltazar v. Balboa</u>, No. 8:10-cv-2932-T-33MAP, 2011 WL 2217332, at *2 (M.D. Fla. June 7, 2011) (citing <u>Aetna Ins. Co. v. King</u>, 265 So. 2d 716, 718 (Fla. 1st DCA 1972)).  In

the instant case, the Conyers were the owners of the property at the time of the loss and therefore had an actual, lawful, and substantial economic interest in the safety or preservation of the subject property. Therefore, as defined by Section 627.405, the Conyers have standing to bring this action as third-party beneficiaries.

In the Motion for Summary Judgment, Balboa argues that, due to the final judgment of foreclosure entered against the Conyers in September of 2010, "Plaintiffs have been divested of all interest in the subject property . . . and this Court cannot provide Plaintiffs with the relief prayed for in the Amended Complaint." (Doc. # 27 at 9-10). This argument is unsupported by Florida law.

In Florida, as explained above, a party's insurable interest relates to its actual economic interest in the subject property at the time of the loss. Subsequent foreclosure proceedings do not extinguish such an interest unless the underlying debt was discharged in full. See In re Cayer, 150 B.R. 829, 831 (Bankr. M.D. Fla. 1993) ("'The right to receive the insurance proceeds was fixed at the time of the loss, and subsequent foreclosure proceedings could not have extinguished this right unless the debt evidenced by the note and mortgage was discharged in

full.'") (quoting Sea Isle Corp. v. Hochberg, 198 So. 2d 336, 337 (Fla. 3d DCA 1967)).

Balboa's evidence demonstrates that, upon the final judgment of foreclosure, the Conyers owed the mortgagee a total of $121,410.50. (Foreclosure Judgment Doc. # 27-5 at 2). Even assuming, as the Conyers claim, that the total amount of the proceeds from the judicial sale of the property were applied to reduce this debt (Doc. # 29 at 8), the Conyers still owe the mortgagee $106,410.50. As explained in In re Cayer, a mortgagee's right to receive insurance proceeds is fixed at the time of the loss and subsequent foreclosure proceedings do not extinguish this right unless the mortgage debt is discharged in full. 150 B.R. at 831. Additionally, as provided by Section 627.405, the Conyers have standing to enforce Balboa's promise to pay the mortgagee the extent of its loss in the subject property. This Court finds no authority indicating that either the Conyers' insurable interest or the mortgagee's right to receive insurance proceeds has been extinguished by the subsequent foreclosure proceedings.[1] Thus, Balboa is not entitled to summary judgment on this issue.

---

[1] Balboa acknowledges that the question of "whether a (former) owner of property is divested of all interests,

**B.**   **Named Insured**

Balboa next argues that summary judgment is appropriate because the Conyers are not "named insureds" under the lender-placed insurance policy. (Doc. # 27 at 10). This argument is unconvincing. Under Florida law, an insurance company's promise to pay the extent of a loss may be enforced by a third-party beneficiary even if he possesses no policy in his name. Schlehuber v. Norfolk & Dedham Mut. Fire Ins. Co., 281 So. 2d 373, 375 (Fla. 3d DCA 1973); see also Fawkes v. Balboa Ins. Co., No. 8:10-cv-2844-T-30TGW, 2012 WL 527168, at *3 (M.D. Fla. Feb. 17, 2012); Kelly v. Balboa Insurance Co., 8:11-cv-450-T-35MAP, 2012 WL 4761905, at *3 (M.D. Fla. May 29, 2012).

In Fawkes, the mortgage lender similarly obtained a lender-placed insurance policy after the plaintiff stopped making mortgage payments and failed to maintain hazard insurance on the subject property. 2012 WL 527168, at *1. The court in that case explained that, although the plaintiff was neither a named insured nor an additional insured, the plaintiff nonetheless had standing to pursue

---

including any insurable interests, upon entry of a final judgment of foreclosure, followed by a sale and issues of the certificates of sale and title," appears to be one of first impression in the state of Florida. (Doc. # 32 at 3).

her claim against the defendant insurance company as a third-party beneficiary. Id. at *3. In the instant case, the Court finds that the Conyers likewise have standing and may proceed against Balboa as third-party beneficiaries.

### C. <u>Residual Amounts Lacking</u>

Balboa next argues that "[u]nder Florida law, when a named insured's insurable interest exhausts the coverage available under a lender-placed insurance policy, there are no residual amounts of insurance available to a borrower for its 'insurable interest' in the things insured." (Doc. # 27 at 11). Balboa relies on <u>Aldridge v. Peak Property and Casualty Insurance Corp.</u>, 873 So. 2d 499 (Fla. 2d DCA 2004), for this principle.

The Court finds this argument inapplicable to the present case. In <u>Aldridge</u>, the mortgagors attempted to assert a first-party claim against an insurance company under a lender-placed insurance policy. Id. at 499-500. The <u>Aldridge</u> court found that "the relief sought -- the payment of proceeds to the [mortgagors] -- would be directly in derogation of the undisputed rights of [the mortgagee bank, which was the named insured] under the insurance policy." Id. at 500. Furthermore, the court emphasized that "at no point have [the mortgagors] asserted

a third-party beneficiary claim." Id.   In the instant
case, the Conyers specifically asserted in the Amended
Complaint their reliance upon "third-party beneficiary
standing to enforce the provisions of the policy of
insurance on the property." (Doc. # 17 at 3).   Thus,
"focusing on . . . whether residual amounts of insurance
are available to Plaintiff[s] is irrelevant at this point
because Plaintiff[s], as . . . third-party beneficiar[ies]
of the subject policy, [are] entitled to pursue a claim
against Defendant for the [cost of] repairs to the subject
property" in light of the mortgagee's failure to pursue a
claim as the named insured under the subject policy.
Fawkes, 2012 WL 527168, at *4.

   D.   **Attorney's Fees**

     Finally, Balboa argues that the Conyers are not
entitled to attorney's fees and costs under Section
627.428, Florida Statutes.   (Doc. # 27 at 13).   That
section provides, in relevant part:

> Upon the rendition of a judgment or decree by any
> of the courts of this state against an insurer
> and in favor of any named or omnibus insured or
> the named beneficiary under a policy or contract
> executed by the insurer, the trial court or, in
> the event of an appeal in which the insured or
> beneficiary prevails, the appellate court shall
> adjudge or decree against the insurer and in
> favor of the insured or beneficiary a reasonable

> sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428.

"Section 627.428 must be strictly construed because an award of attorney's fees is in derogation of common law." Pepper's Steel & Alloys, Inc. v. United States, 850 So. 2d 462, 465 (Fla. 2003). Thus, only a named insured, an omnibus insured, a named beneficiary, or an express assignee of an insured's contractual insurance rights may receive an award of attorney's fees under the statute. See Continental Cas. Co. v. Ryan Inc. E., 974 So. 2d 368, 377 (Fla. 2008) ("[O]nly the named or omnibus insured, the insured's estate, specifically named beneficiaries under the policy, and other third parties who claim policy coverage through an assignment are entitled to an award of fees under section 627.428.").

Rather than directly asserting their eligibility for an award of fees under the statute, the Conyers instead contend that "the issue of attorney's fees is not ripe for determination." (Doc. # 29 at 10). In so arguing, the Conyers cite to the Fawkes decision, which declined to rule on the issue of entitlement to attorney's fees at the summary judgment stage. 2012 WL 527168, at *5. The Fawkes

court reasoned that, "although this issue appears to be a matter of first impression, the Court did locate a few Florida cases holding that a loss-payable mortgagee under an insurance policy is deemed 'an insured' pursuant to Section 627.428(1)."   Id. (internal quotations omitted). The court thus found that "at [the summary judgment] stage, and on this limited record, the Court cannot conclude, as a matter of law, that Plaintiff could not be considered an 'insured' under section 627.428(1)."   Id.

Since the Fawkes decision, however, at least one case in this district has declined to award attorney's fees to a third-party beneficiary plaintiff seeking to enforce the promise of an insurance company to pay a mortgagee the extent of a loss suffered while the plaintiff had an insurable interest in the subject property.   In that case, Kelly v. Balboa Insurance Co., 2012 WL 4761905, the court granted the defendant's motion for summary judgment as to the plaintiff's entitlement to attorney's fees, reasoning that "[a] third-party beneficiary is not included among the categories of persons authorized under section 627.428 to receive an award of attorney's fees."   Id. at *4.

In an effort to reconcile these cases, the Court looks to State Farm Fire & Cas. Co. v. Kambara, 667 So. 2d 831,

13

833 (Fla. 4th DCA 1996), the case which the <u>Fawkes</u> court cited for the proposition that "under Florida law, a party can be a third-party beneficiary for purposes of standing and an 'omnibus insured' for purposes of entitlement to attorney's fees under section 627.428(1)." <u>Fawkes</u>, 2012 WL 527168, at *5.  The <u>Kambara</u> decision explained that "[t]he difference in the way benefits are derived from an insurance policy is significant for purposes of establishing who is and who is not an omnibus insured . . . ."  667 So. 2d at 834.

In <u>Kambara</u>, the appellee "was forced to litigate his entitlement to receive medical payments coverage under a premises liability policy."  <u>Id.</u> at 831.  The court found that because the appellee "received first-party benefits under an omnibus clause of an insurance policy," he constituted an omnibus insured and was therefore entitled to statutory attorney's fees.  <u>Id.</u> at 831-32.  The medical payments coverage portion of the premises liability policy provided as follows:

> We will pay medical expenses for bodily injury caused by an accident on your premises you own or rent, on ways next to the premises you own or rent, or because of your operations.  The accident must take place in the coverage territory during the policy period.

14

Id. at 832.  The Kambara court thus reasoned that, "[b]ecause the medical payments in this case are to be paid directly to a party injured on the premises of the named insured, without regard to the named insured's liability, we believe that a medical payments claimant can be defined as an insured under the policy to whom benefits flow directly under the terms of the policy," and, accordingly, found that such an individual would be entitled to attorney's fees under Section 627.428(1).  Id. at 833-34 (internal quotations omitted).

Additionally, the Kambara court distinguished the injured party's case from a theoretical scenario involving a third-party beneficiary where "the benefits inure directly to the tortfeasor who is the insured [and] [t]he benefits flow to the injured person only if that person successfully establishes liability against the tortfeasor." Id. at 834.  According to Kambara, the difference in the way these benefits are derived from the insurance policy is crucial in determining whether an individual is an omnibus insured rather than a third-party beneficiary.  Id.

In analogizing Kambara to the instant case, the Court finds that, although the Conyers indeed have standing as third-party beneficiaries to bring this action, their

15

third-party beneficiary status does not entitle them to attorney's fees under Section 627.428.   The insuring agreement in this case does not provide the Conyers with the direct benefit of coverage, but rather prevents BAC from receiving a windfall in the event that an insurance recovery by BAC exceeds the total amount of BAC's insurable interest in the subject property.  (Insuring Agreement Doc. # 27-4 at 13).   The insuring agreement contains no provision that might be considered the equivalent of the medical payments coverage provision in <u>Kambara</u>.   Other than the residual amounts mentioned in the "Loss Payment" section, the policy does not appear to contemplate any direct payment to the borrower.   Accordingly, the Court finds that the Conyers are not entitled to attorney's fees under Section 627.428.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Balboa Insurance Company's Motion for Summary Judgment (Doc. # 27) is **GRANTED in part and DENIED in part.**   The Court **GRANTS** the Motion as to Plaintiffs' entitlement to attorney's fees.   The Motion is otherwise **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of March, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record