```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

CHRIS CONYERS and BRANDI
CONYERS,

       Plaintiffs,
v.                                    Case No. 8:12-cv-30-T-33EAJ

BALBOA INSURANCE COMPANY,

       Defendant.
_____/

## ORDER

This cause is before the Court pursuant to Defendant Balboa Insurance Company's Motion to Quash Trial Subpoena (Doc. # 55), which was filed on May 31, 2013. Plaintiffs Chris and Brandi Conyers filed a Response in Opposition to the Motion (Doc. # 58) on June 3, 2013. For the reasons that follow, the Court denies the Motion to Quash.

## Discussion

This case is set to be tried by a jury commencing June 10, 2013. In preparation for the trial, Plaintiffs served upon counsel for Balboa a subpoena to the "Corporate Representative of Balboa Insurance Company with the most knowledge as to the affirmative defenses, discovery responses, claim denial and selection of engineers." (Doc. # 55-1). Balboa seeks an Order quashing the subpoena for

the following reasons: (1) it seeks to compel the attendance of a corporate representative (rather than a specifically identified person) at trial; (2) it was not accompanied by relevant witness fees; and (3) the witness is outside of the 100 mile limit of Rule 45, Fed. R. Civ. P.

Balboa argues that Plaintiffs are "obviously trying to invoke the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure for securing deposition testimony of a corporation through individuals designated by the corporation. Discovery . . . is closed, and the provisions of Rule 30(b)(6) are limited to discovery depositions and not trial testimony." (Doc. # 55 at 3). Balboa also indicates that Plaintiffs failed to depose any corporate representative during discovery and should now be precluded from securing the testimony of a corporate representative at trial.

In support of this position, Balboa draws the Court's attention to Hill v. National Railroad Passenger Corp., No. 88-5277, 1989 U.S. Dist. LEXIS 9011 (E.D. La. July 28, 1989), which states:

> Rule 30(b)(6) specifically applies to the deposition of a corporation. Rule 45 of the Federal Rules of Civil Procedure provides the

>proper procedure by which a person may be compelled to testify at trial. There is no provision allowing the use of the 30(b)(6)-type designation of areas of inquiry or allowing service on a corporation through an agent for service of process in order to compel a particular person, who may be a corporate employee outside the subpoena power of the court, to testify at trial.

Id. at *1-2.

While Balboa's position is not completely unjustified, it is not supported by persuasive authority. Plaintiffs, on the other hand, rely upon Williams v. Asplundh Tree Expert Co., No. 3:05-cv-479, 2006 U.S. Dist. LEXIS 64620 (M.D. Fla. Sept. 11, 2006), a case where this court addressed a very similar issue. There, the court declined to quash a Rule 45 subpoena served on an unnamed corporate representative and declined to issue a protective order concerning that corporate representative. Under the facts presented here, the same ruling is appropriate.

The Williams decision also addressed the concern regarding the Court's subpoena power for witnesses located over 100 miles from the courthouse. Rule 45(c)(3)(A)(ii) provides that a court must quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that

person resides, is employed, or regularly transacts business." The court explained in Williams:

> [T]he corporate representative in this case would clearly be testifying on behalf of the corporation, not in his/her individual capacity. As such, the Court holds that the corporate representative should be considered a "party" regardless of whether he/she is an officer of the company and should be produced even if he/she resides outside of the 100 mile limit.

Id. at *7.

The same result was reached in the persuasive case of Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co., 262 F.R.D. 293, 303 (S.D.N.Y 2009): "[T]here is no basis under the 100-mile rule to quash the subpoenas seeking testimony of the Bondholders' corporate representatives." The court further noted that "the Bondholders, as parties to this action, affirmatively have taken advantage of the benefits of this forum, and the Court has the power to require these parties to produce corporate representatives to testify on their behalf at trial." Id. The Court agrees with the sound reasoning of the Williams and Aristocrat cases.

While Balboa does not identify the person Balboa would designate to appear at trial pursuant to the relevant subpoena, Balboa does suggest that the person "resides and works in either California, Arizona, or Texas." (Doc. # 55

4

at 4). However, because the Court finds that such person is, for the purpose of Rule 45, a "party," the 100 mile limit does not apply. In addition, Balboa has not asserted that any such corporate representative would be unduly burdened by traveling to Tampa, Florida for the trial of this case.

The Court also finds moot and otherwise unavailing Balboa's contention that Plaintiffs have failed to tender certain travel expenses and other fees for Balboa's unnamed corporate representative. As asserted by Plaintiffs, it is not possible to pay travel expenses in advance when the identity and the location of the witness have not been disclosed by Balboa. Plaintiffs represent that they are willing, ready, and able to pay any applicable fees and costs once the corporate representative has been identified. Accordingly, Balboa's arguments concerning nonpayment of fees and costs are unavailing.

Thus, upon due consideration of the parties' arguments and the Court's evaluation of Rule 45, the Court determines that Balboa must comply with the subpoena by producing its corporate representative at trial and should promptly identify this individual so that Plaintiffs may pay the

relevant fees associated with the corporate representative's travel and attendance at trial.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Balboa Insurance Company's Motion to Quash Trial Subpoena (Doc. # 55) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of June, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record